UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Respondent, <br><br> v. <br><br> ARMANDO MARTINEZ-QUINEL, <br><br> Defendant-Petitioner. | Civil No. 05-CV-1733-L <br> Criminal No. 04-CR-2612-L <br><br> **ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion") following his guilty plea and sentencing in Criminal Case No. 04cr2612-L. The government filed a response, and Defendant filed a reply. The Motion is **DENIED** and this case is **DISMISSED WITH PREJUDICE** because Defendant's allegations fail to establish ineffective assistance of counsel with respect to the Plea Agreement, and the express terms of the Plea Agreement waiving Defendant's right to bring the Motion are enforceable.

Defendant was represented by counsel throughout his criminal case. On December 13, 2004, Defendant waived indictment and pled guilty to the charges in the Superseding Information, filed the same day. He requested immediate sentencing, waived his right to the presentence report, and appeared in court to enter his guilty plea and receive a sentence.

In exchange for the dismissal of the Indictment for violation of 8 U.S.C. § 1326, Defendant agreed to plead guilty to the Superseding Information, and waived his right to trial, appeal and collateral attack on the judgment and sentence. (Plea Agreement ¶¶ I, IV & XI.) The Indictment charged Defendant with one felony violation of 8 U.S.C. § 1326 on September 10, 2004. Since Defendant was removed after he had been convicted in state court of an aggravated felony (possession of a controlled substance for sale), he faced a maximum statutory sentence of up to twenty years in custody. *See* 8 U.S.C. § 1326(b)(2). The Superseding Information charged Defendant with a misdemeanor count of unlawfully entering or attempting to enter the United States in violation of 8 U.S.C. § 1325 in October 2002, and two felony counts of the same violation on September 5 and 10, 2004. The misdemeanor count carried a maximum term of six months in custody. (Reporter's Tr. of Proceedings, Disposition/Sentencing Hearing, 12/13/04 ("TR") at 5; *see also* Plea Agreement ¶ III.) The two felony counts each carried a maximum term of two years in custody. (TR at 5; *see also* Plea Agreement ¶ III.).

Following the terms of the Plea Agreement, the court sentenced Defendant to six months in custody for count one, two years in custody for count two, and two years in custody for count three. The two felony sentences were to run consecutively, while the misdemeanor sentence was to run concurrently. (TR at 12-14.) This resulted in a 48-month custodial sentence.

Defendant initially raised three arguments in support of his Motion, all of which are based on ineffective assistance of counsel: (1) "lack of adequate translation of the charges and the sentence received due to the fact that the defendant did not understand English;" (2) failure to argue at sentencing that all counts be grouped as one harm and by failing to "cover & translate the meaning of grouping;" and (3) providing "incorrect sentencing information causing the court to give defendant an[] illegal sentence." (Mot. at 5.) Since Defendants' waiver was valid and enforceable, his initial arguments are rejected.

In the Plea Agreement, Defendant waived certain constitutional and statutory rights, including his right to appeal or collaterally attack his conviction and sentence:

> In exchange for the Government's concessions in this plea agreement, **defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence,** . . ..

(Plea Agreement ¶ XI (emphasis added).) "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Accordingly, a plea agreement that waives the right to appeal or collaterally attack the conviction and sentence is unenforceable with respect to ineffective assistance of counsel claims to the extent they challenge the voluntariness of the waiver. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

Defendant claims, among other things, that his waiver was not knowing because he did not understand English. This claim is refuted by the record. At the disposition and sentencing hearing, the court informed Defendant of the factual basis for the Plea Agreement and its terms, including the nature of pending charges, the maximum penalties associated with them, the rights Defendant was waiving, including the rights associated with challenging the conviction and sentence imposed, and that the court was not bound to follow the terms of the agreement at sentencing. (RT at 2-12.) A certified interpreter was present at the hearing. (*Id.* at 2.) Defendant was asked and expressly affirmed that the Plea Agreement was read to him in Spanish, his attorney had gone over it with him paragraph by paragraph, Defendant understood it, and had no questions about it at the hearing. (*Id.* at 6-7.) Consistent with Defendant's representations in court, the Plea Agreement states that "[b]y signing this plea agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this plea agreement with defense counsel and fully understands its meaning and effect." (Plea Agreement ¶ XV.) Defendant initialed the Plea Agreement at the bottom of each page and signed it at the end. The record therefore shows that the terms of the agreement were translated into Defendant's native language twice, explained to him by his counsel paragraph by paragraph, and summarized by the court at the haring.

The remaining arguments Defendant raised in the Motion concern the defense counsel's performance at sentencing, rather than his performance in advising Defendant prior to entering

/ / / / /

into the Plea Agreement.  Those arguments therefore do not address the voluntariness of the waiver, and have been waived.  *See Lampert*, 422 F.3d at 871; *Jeronimo*, 398 F.3d at 1153.

In his Reply, Defendant raised new ineffective assistance arguments attacking the defense counsel's performance prior to signing the Plea Agreement.  Those arguments seek to attack the voluntariness of the waiver, and are therefore addressed in detail below.

To prevail on any of his ineffective assistance claims, Defendant must show his counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Specifically, Defendant must show "counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 688, 694.

Defendant claims his counsel's performance was deficient in four instances:  (1) failure to argue the Indictment and the Superseding Information were legally insufficient; (2) failure to preclude Defendant from pleading guilty to offenses he did not commit; (3) failure to argue that section 1326 is unconstitutionally vague; and (4) failure to group the offenses.  Judicial scrutiny of counsel's performance is "highly deferential."  *Strickland*, 466 U.S. at 689.  There is a "strong presumption that a counsel's conduct falls within a wide range of reasonable professional assistance."  *Id.* at 686-87.  None of the claimed counsel errors falls below the objective standard of reasonableness.

Defendant maintains his counsel should have argued that the court lacked jurisdiction over his case:  "neither the original indictment, the new [superseding] information nor the plea agreement alleged the elements of the offense, and the defendant never entered the United States, therefore there was no valid indictment, information and plea agreement to convict him, therefore the Court thereby lacked its power to act . . . ."  (Reply at 9 (emphasis omitted).)  This argument is based on Defendant's assertion that he did not enter the United States because he was under constant official restraint.  Since official restraint is Defendant's theory of defense, *see United States v. Vela-Robles*, 397 F.3d 786, 789 (9th Cir. 2005), and not an element of the charged offense, this argument is unavailing.  An indictment or information is legally sufficient

if it states "the elements of the offense charged with sufficient clarity to appraise a defendant of the charge against which he must defend and to enable him to plead double jeopardy." *United States v, Hinton*, 222 F.3d 664, 672 (9th Cir. 2000). The Indictment and the Superseding Information in this case alleged the elements of the offenses charged, and Defendant does not complain they were insufficiently clear to formulate a defense.

The elements of a section 1326(a) violation applicable in this case are: (1) the defendant is an alien; (2) the defendant was deported from the United States; and (3) the defendant was found in the United States without having obtained the consent of the Attorney General to reapply for admission into the United States. 8 U.S.C. § 1326(a); 9th Cir. Model Crim. Jury Instruction 9.5. All of these elements are alleged in the Indictment filed October 6, 2004. Charging a defendant with being "found in" the United States without reference to unlawful entry is adequate to charge a section 1326(a) violation. *See United States v. Parga-Rosas*, 238 F.3d 1209, 1213 (9th Cir. 2001). Accordingly, the Indictment was legally sufficient.

The elements of section 1325 violations applicable in this case are: (1) the defendant is an alien; (2) the defendant enters or attempts to enter the United States at a time or place other than that designated by immigration officers; and (3) the defendant had previously violated section 1325.[1] 8 U.S.C. § 1325(a). All of these elements are alleged in the Superseding Information filed December 13, 2004, which is therefore legally sufficient. The same elements were stated in the Plea Agreement. (Plea Agreement ¶¶ I & II.)

Defendant next contends the defense counsel gave him "bad legal advi[c]e about pleading guilty to a crime that the defendant did not commit."[2] (Reply at 5.) This argument is based on

---

[1] The third element applies only to felony charges for repeat violations, and is therefore applicable only to the second and third counts of the Superseding Information. *See United States v. Rodriguez-Gonzalez*, 358 F.3d 1156 (9th Cir. 2004).

[2] The Superseding Information charges Defendant with entering or attempting to enter the United States on three occasions in violation of 8 U.S.C. § 1325. Since Defendant admitted to at least attempting to enter (*see* Reply at 2 ("made an attempt"); RT at 10-11 (entered)), his argument misses the mark. Furthermore, official restraint is not a defense to an attempt to enter. *United States v. Leos-Maldonado*, 302 F.3d 1061, 1063-64 (9th Cir. 2002). What Defendant apparently is trying to say is that he did not commit the crime of being found in the United States in violation of 8 U.S.C. § 1326, and that the bargain he struck with the government was therefore not a favorable one.

the premise Defendant did not enter the United States because he was under official restraint. Defendant does not allege facts to show that he was under official restraint "from the time of physical entry until the time of arrest." *See Vela-Robles*, 397 F.3d at 788.  The court therefore cannot conclude that the defense counsel's advice regarding the guilty plea fell below the objective standard of reasonableness.

Defendant further argues that "found in" in section 1326 is unconstitutionally vague, and that the government therefore could not prevail on the Indictment.  He relies on *United States v. Canals-Jimenez*, 943 F.2d 1284, 1289-90 (11th Cir. 1991), which suggested, but did not decide, there may be a possibility that the "found in" prong of the statute is unconstitutionally vague. However, the Ninth Circuit was able to define "found in," as distinguished from "entered," without holding or suggesting that "found in" may be unconstitutionally vague.  *See United States v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000).  The court therefore cannot find that the defense counsel's representation fell below an objective standard of reasonableness in this regard.

Defendant next argues the counsel failed to stop him from signing the Plea Agreement which provides for a longer sentence than he would be exposed to if the custodial sentences for the two felony counts and the misdemeanor count were all to run concurrently.  The Plea Agreement provides for a 48-month term, whereas the grouping Defendant desires would result in a 24-month term.  This argument ignores the fact that the Plea Agreement was a compromise which removed Defendant's risk that he may be convicted of a section 1326 felony, which carried a 20-year statutory maximum.  Based on Defendant's circumstances, the parties estimated the likely sentence would be 70 to 87-months.  (*See* Plea Agreement ¶ X.)  The sole reason Defendant did not receive this sentence was that offenses with lower statutory maximums were charged in the Superseding Information.  (*See* RT at 13.)  Defendant does not allege any fact to suggest the government was willing to offer him a term even shorter than the sentence he
/ / / / /
received.  The record before the court therefore does not support a finding that the defense counsel's performance was deficient in this regard.

Even if Defendant were successful in alleging that the counsel's performance fell below the standard of reasonableness, he cannot prevail on an ineffective assistance claim without alleging sufficient facts to conclude he was prejudiced by it. "A claim of ineffective assistance used to attack the validity of a guilty plea may be sustained where the petitioner establishes that the ineffective performance affected the outcome of the plea process such that absent the erroneous advice, he would have insisted on going to trial." *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996) (*quoting Hill v. Lockhart*, 474 U.S. 52, 58 (1985), internal quotation marks, ellipsis and brackets omitted). In *Baramdyka*, the Court concluded the counsel's performance was deficient in that Defendant had a viable personal jurisdiction defense which his counsel failed to assert and the plea agreement waived. *Id*. at 846. Nevertheless, the defendant's motion pursuant to 28 U.S.C. § 2255 was denied for lack of showing the requisite prejudice because the defendant did not assert that he would have insisted on going to trial. *Id*. at 847.

As in *Baramdyka*, in this case Defendant does not contend that had he been advised on the issues he claims his counsel failed to advise him, and had his counsel advocated the points Defendant now wishes he had, he would not have pled guilty and would have insisted to proceed to trial. Furthermore, he does not dispute in his Reply that the Plea Agreement effectively lowered the sentence he faced from at least 70 to 48 months. Defendant therefore has not alleged sufficient facts to conclude he would have received a better plea bargain. Any increase in bargaining power Defendant would have gained had his counsel advocated the issues Defendant now wishes he had advocated is speculative at best given Defendant's repeated illegal entries into the United States following his deportation and his criminal record. If anything, the record indicates the defense counsel succeeded substantially to reduce the sentence Defendant likely would have received had he gone to trial. *See Baramdyka*, 95 F.3d at 846-47.

Even if Defendant established prejudice and his Motion were granted, he could not obtain the dismissal of charges he seeks. "A successful petitioner is entitled to the remedy which would put him back in the position he would have been in if the [ineffective assistance of counsel] had not occurred." *Id*. at 847 (citation omitted). In this case, this would at most require

setting aside the Plea Agreement, and letting the case proceed from there. As discussed above, such a result would not place Defendant in a better position than he is in today. Accordingly, he failed to establish the requisite prejudice to sustain his claim of ineffective assistance of counsel. *Id*.

For the foregoing reasons, the Motion is **DENIED**. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: November 29, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

ALL PARTIES/COUNSEL